UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLIFTON-JEREL: JONES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:16-cv-1216-WTL-MJD |
| ) | |
| STATE OF INDIANA, et al., ) | |
| ) | |
| Defendants. ) | |

**Order Directing Plaintiff to Show that he has Standing to bring this Action**

This is a lawsuit brought by Clifton-Jerel: Jones, a resident of Anderson, Indiana, against the State of Indiana, the Indiana General Assembly, the Elwood City Court and Elwood City Court Judge Kyle F. Noone. Jones' request to proceed *in forma pauperis* has been granted, leading to the issuance of this Order.

**I.**

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to "dismiss [an in forma pauperis] case at any time if the court determines that . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the ground on

which it rests. "A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citation and alteration omitted).

It could be quite reasonably concluded that the complaint filed by Clifton-Jerel: Jones lacks facial plausibility as to any of the claims suggested by the several statutes he cites in the complaint. That question is not pursued for the present, however, because the antecedent question of subject matter jurisdiction must be addressed.

## II.

Subject matter jurisdiction "defines the court's authority to hear a given type of case," *United States v. Morton,* 467 U.S. 822, 828 (1984), and is the first question in every case. *Sherman v. Community Consol. Sch. Dist. 21 of Wheeling Twp.*, 980 F.2d 437, 440 (7th Cir. 1992), *cert. denied,* 114 S. Ct. 2109 (1994); *see also Bell v. Hood*, 327 U.S. 678, 682 (1946)("Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy.").

"Jurisdiction" means nothing more and nothing less than "a court's adjudicatory authority." *Reed Elsevier, Inc. v. Muchnick,* 130 S. Ct. 1237, 1243 (2010). "It is a principle of first importance that the federal courts are tribunals of limited subject matter jurisdiction." 13 Charles Alan Wright, et al., Federal Practice and Procedure § 3522 (3d ed. 2008).

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision[.]" *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477 (1990); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 341 (2006) (internal quotation marks omitted).

It is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). The doctrine of standing enforces the constitutional requirement of a "case or controversy" found in Article III of the Constitution. *Ezell v. City of Chicago,* 651 F.3d 684, 695 (7th Cir. 2011). Standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin,* 422 U.S. 490, 498 (1975). Standing requires, *inter alia,* that a plaintiff suffer an injury in fact and that there be "a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 103 (1998).

The factual allegations of the complaint are the following: At some point prior to April 24, 2015, Jones received two speeding tickets. On April 24, 2015, a trial on those speeding tickets was

held in the Elwood City Court. Judge Noone presided at that trial and at the conclusion of the evidence found Jones guilty. Jones was ordered to pay a fine to the State of Indiana. A letter from the Elwood City Court was sent to Jones on May 13, 2015 informing Jones that he owed the court $159.50.

Although Jones' complaint implies that his trial as described above is tainted with constitutional error, he explains in paragraph 11 of Part B of the complaint:

> This claim is not about a state court decision but the [sic] results from the fraudulent, extortion supporting structure upon which decisions are reached.

Jones seeks declaratory and injunctive relief from the State of Indiana, as well as compensatory damages from each of the defendants and punitive damages from the State of Indiana.

### III.

Jones states in his complaint that he does not challenge any particular decision of the defendant court, but challenges "the . . . structure upon which decisions are reached."

The *Federal Rules of Civil Procedure* command that courts dismiss any suit over which they lack subject matter jurisdiction—whether acting on the motion of a party or *sua sponte. See* Fed.R.Civ.P. 12(b)(1). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte,* they must." *Wernsing v. Thompson,* 423 F.3d 732, 743 (7th Cir. 2005).

"As a jurisdictional requirement, the plaintiff bears the burden of establishing standing." *Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 443 (7th Cir. 2009). "[T]he standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Allen v. Wright,* 468 U.S. 737, 752 (1984). If a plaintiff lacks standing, the district court has no subject matter

jurisdiction. *See Faibisch v. Univ. of Minn.,* 304 F.3d 797, 801 (8th Cir. 2002) (internal citation omitted). If the court lacks jurisdiction over the subject matter, its only proper course is to note the absence of jurisdiction and dismiss the case on that ground. *Steel Co. v. Citizens for a Better Environment*, 118 S. Ct. 1003, 1012 (1998).

## IV.

### A.

The plaintiff bears the burden of establishing the required elements of standing. *Freedom from Religion Found., Inc. v. Lew*, 773 F.3d 815, 819 (7th Cir. 2014)(internal citations omitted). To establish constitutional standing under Article III, a plaintiff must allege a concrete injury, or that such an injury is "imminent" or "certainly impending." *See Clapper v. Amnesty Int'l,* 133 S. Ct. 138, 1147 (2013). The standing injury alleged also must be traceable to the defendant's challenged conduct and able to be redressed by the relief sought. *Id.*

By distancing the claims in this case from the specifics of the cases which have resulted in the decision following the trial of April 14, 2015, and by also not including any allegation that current charges are pending or that he faces the threat of charges, it is evident that he lacks standing to present the challenge he has described. This is because, apart from his trial in the Elwood City Court on the two speeding tickets he notes in his complaint, no case or controversy is identified in that complaint.

As the above discussion shows, Jones appears to lack standing to challenge the legal structure characterized more than described in his complaint because he lacks a particularized injury from that legal structure to which his complaint refers and because he has no cognizable interest in that structure. This is a defect of jurisdictional significance and also as shown above can be raised by the Court *sua sponte.*

**B.**

Jones shall have **through July 19, 2015** in which to show why the action should not be dismissed for lack of subject matter jurisdiction. He may do so by showing that he has standing to assert the claims in the complaint.

**C.**

Proceedings are **stayed** except for response to the foregoing directions until the Court acts on that response.

IT IS SO ORDERED.

Date: 6/24/16

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Clifton-Jerel: Jones
2431 Sheffield Ave.
Anderson, IN 46011